UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ADEL BADER,

                      Plaintiff,

      -against-

COSTCO WHOLESALE CORPORATION and
ALEXANDER'S REGO SHOPPING CENTER INC.,

                      Defendants.
-----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 04 2018 ★
BROOKLYN OFFICE

OPINION AND ORDER
AND ORDER TO SHOW
CAUSE

18-cv-1304 (NG)

GERSHON, United States District Judge:

This is a personal injury action arising out of an incident that occurred on August 31, 2015 at a store run by defendant Costco Wholesale Corporation ("Costo") located in Rego Park in Queens. In addition to Costco, plaintiff sued Alexander's Rego Shopping Center Inc. ("Alexander's"). Plaintiff filed a complaint in the Supreme Court of New York, Queens County, on November 20, 2017 and an amended complaint on December 29, 2017. Costco removed this action to this court on March 1, 2018, based on diversity jurisdiction. Plaintiff now moves to remand back to state court, arguing that (1) removal was untimely and (2) diversity jurisdiction does not exist because at least one of the two defendants is a citizen of New York and defendant has not established that the amount in controversy exceeds $75,000.

A. Timeliness of Removal

Plaintiff argues that, because he served defendant on January 24, 2018, the 30-day removal window expired on February 26, 2018, three days before defendant removed the case. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial

1

pleading . . . ."). Defendant responds that neither the original November 20, 2017 Complaint nor the December 29, 2017 Amended Complaint specify the amount in controversy, and therefore it had no basis for removal when it was first served.[1] Defense counsel represents that, on February 22, 2018, he contacted plaintiff's counsel regarding plaintiff's settlement demand and that he was told that the demand was over $75,000. Accordingly, defendant argues that the removal needed to occur by March 24, 2018, and it was thus timely.

Where, as here, the complaint does not specify the amount in controversy, a defendant may remove an action within 30 days after it first learns that the amount in controversy exceeds $75,000. Specifically, if "the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case . . . has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). Reasoning that an oral statement does not qualify as an "other paper," "[d]istrict courts in this circuit [] have held that an oral settlement demand is not a sufficient basis for removal." *Mitilinios v. Costo Wholesale Corp.*, 2018 WL 941715, at *4 (E.D.N.Y. Jan. 31, 2018), *report and recommendation adopted by* 2018 WL 948753 (E.D.N.Y. Feb. 15, 2018); *see also, e.g., Abbas v. Kienzler*, 2010 WL 5441663, at *1 (E.D.N.Y. Dec. 23, 2010) ("[A]n oral demand is not a pleading or other paper that meets the requisites of 28 U.S.C. § 1446(b)); *Quintana v. Werner Enters., Inc.*, 2009 WL 3756334, at *1 (S.D.N.Y. Nov. 2, 2009) ("[A]n oral assertion is insufficient to start the 30-day clock for a defendant's removal petition . . . .").[2] Thus, Costco's removal is untimely because it is premature.

---

[1] Plaintiff filed a Second Amended Verified Complaint on February 21, 2018, which he subsequently withdrew.

[2] Defendant claims that *Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010), "held that in certain situations, an oral demand can satisfy the requirements of § 1446(b)(3)." Mem. of Law in

2

In *Feder v. Costco Wholesale Corp.*, 2017 WL 9511082 (E.D.N.Y. June 27, 2017), *report and recommendation adopted by* 2017 WL 2992490 (E.D.N.Y. July 14, 2017), the court was confronted with circumstances remarkably similar to those here. *Feder* was also a personal injury action against Costco that was originally filed in state court, and Costco was represented by the same attorney as it is here. *Id.* at *1. In *Feder*, as here, "the complaint served on defendants [did] not contain an *ad damnum*," and the "Notice of Removal relie[d] on an oral settlement demand in excess of $75,000, communicated by plaintiff's counsel." *Id.* Noting that "an oral demand is not a pleading or other paper that meets the requisites of 28 U.S.C. § 1446(b)," Chief Magistrate Judge Roanne L. Mann concluded that "the removal clock never started to run," rendering "defendants' removal [] premature, and thus untimely." *Id.* (internal quotation marks omitted). As a result, Judge Mann recommended *sua sponte* that the lawsuit be remanded to state court. *Id.* at *2. Judge Nicholas G. Garaufis adopted Judge Mann's report and recommendation in full, after rejecting Costco's argument that the parties' discussion about the plaintiff's refusal to cap damages at $74,999 satisfies § 1446(b)(3). *Feder*, 2017 WL 2992490, at *2. In this case, defendant also has not referenced any document that indicates that plaintiff's damages are greater than $75,000, and therefore remand is required.

---

Opp'n at 17. Defendant misconstrues the Second Circuit's holding. *Yong Qin Luo* had nothing to do with whether removal was timely under § 1446(b)(3). Rather, the Court found that the plaintiff's settlement demand of $600,000 and her initial refusal to stipulate that her damages were $75,000 or less were sufficient to show that the amount in controversy was greater than $75,000. 625 F.3d at 775–76. Notably, the Second Circuit *did* analyze § 1446(b)(3) in *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010), where it found that "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."

3

## B. Amount in Controversy

There is an alternative reason that this case must be remanded: Defendant has not established that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a). In *Feder*, Judge Mann came to the same conclusion. She observed that the sole allegation regarding the extent of the plaintiff's injuries—that she had "'been damaged in an amount in excess of the jurisdictional limits of all lower courts'"—did not satisfy the monetary threshold for diversity jurisdiction since the jurisdictional limitation of lower civil courts in New York is $25,000. 2017 WL 9511082, at *1 (citing *Valente v. Garrison From Harrison LLC*, 2016 WL 126375, at *1 (E.D.N.Y. Jan. 11. 2016)).[3] As plaintiff argues on reply, the same can be said about his complaint.

This case differs from *Feder* in one respect. There, Judge Mann explained that the defendants could employ the procedure set forth under N.Y. C.P.L.R. § 3017(c) to demand that the plaintiff set forth the "total damages" she seeks. 2017 WL 9511082, at *2. If a plaintiff fails to respond to such a demand within 15 days, "the court, on motion, may order" the plaintiff to respond. N.Y. C.P.L.R. § 3017(c). Judge Mann in *Feder* concluded that "[d]efendants should have availed themselves of the state's procedures rather than removing the action to this Court without the proper basis on which to do so." 2017 WL 9511082, at *2. Here, by contrast, Costco reports that it made a demand for a statement of damages on May 5, 2018—well *after* it had removed the case. Defendant notes that, as of May 11, 2018 (the date it filed its opposition), plaintiff had not responded. "In the interest of not wasting the court's time and resources," defendant asks me to "find that the 30-day clock in which to remove the action has not yet beg[u]n to toll and compel plaintiff to respond to defendant's May 5, 2018 demand for a statement of damages. If the damages

---

[3] The defendant in *Valente*, in which the court also remanded *sua sponte*, was represented by the attorney who represents Costco in this action. 2016 WL 126375, at *1.

sought by the plaintiff exceed $75,000, subject matter jurisdiction would exist to allow the court to hear the case." Mem. of Law in Opp'n at 18.

In other words, essentially acknowledging that its Notice of Removal—filed two months before it served a demand for a statement of damages on plaintiff—was premature and that the court currently lacks subject matter jurisdiction, defendant has enlisted the court's assistance in establishing the grounds for a proper removal. I decline to do so. Just as it was instructed to do in *Feder*, Costco must employ state court procedures to determine whether the amount in controversy in this case exceeds $75,000 *before* filing a Notice of Removal. *See* 2017 WL 9511082, at *2. At this time, this court does not have subject matter jurisdiction, and it would be improper to issue discovery orders on behalf of the defendant.

### C. Plaintiff's Costs and Expenses

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Such an award is appropriate "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). It appears highly likely that defendant's decision to seek removal in this case was objectively unreasonable. As discussed above, there is clear precedent indicating that the removal was untimely and that the amount-in-controversy requirement could not be satisfied. Indeed, *Feder* involved not only the same defendant but also the same defense counsel. Under these circumstances, defendant is ordered, pursuant to the schedule set forth below, to show cause why it should not reimburse plaintiff for his costs and expenses, including attorney's fees, relating to his motion to remand.

### D. Conclusion

Because defendant's removal was premature and because it has not established that the amount in controversy exceeds $75,000, plaintiff's motion to remand is granted.[4] The Clerk of Court is directed to remand this action to Supreme Court, Queens County, Index No. 11391/17.

Additionally, defendant shall submit papers by December 28, 2018 showing cause why it should not pay plaintiff's costs and expenses incurred as a result of the removal. Plaintiff is directed to respond by January 11, 2019, and plaintiff's response shall include an affidavit setting forth the relevant costs and expenses. Any reply shall be filed by January 18, 2019.

**SO ORDERED.**

/s/ Nina Gershon
**NINA GERSHON**
**United States District Judge**

December 3, 2018
Brooklyn, New York

---

[4] Having found remand necessary on other grounds, I do not address plaintiff's argument that the parties lack diversity of citizenship. I do note, however, that Costco's failure to provide the court with Alexander's written consent to removal is another basis for remand. *See, e.g., Metro. Tranp. Auth. v. U.S. Fidelity & Guar. Co.*, 2015 WL 1730067, at *4 (S.D.N.Y. Apr. 14, 2015). Costco's assertion in its opposition that Alexander's consents to removal is insufficient. *See id.*; *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (all defendants "must independently express their consent to removal").