FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 0 7 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ADEL BADER,

                **Plaintiff,**

    -against-

COSTCO WHOLESALE CORPORATION and
ALEXANDER'S REGO SHOPPING CENTER INC.,

                **Defendants.**
----------------------------------------------------------------x

**OPINION AND ORDER**

**18-cv-1304 (NG)**

**GERSHON, United States District Judge:**

On December 4, 2018, I granted plaintiff Adel Bader's motion to remand this personal injury case to the Supreme Court of New York, Queens County. I concluded that defendant Costco Wholesale Corporation's removal, which was prompted by plaintiff counsel's oral settlement demand, was premature and thus untimely because an oral statement does not start 28 U.S.C. § 1446(b)(3)'s 30-day clock for a defendant's removal petition. *Bader v. Costco Wholesale Corp.*, 2018 WL 6338774, at *1–2 (E.D.N.Y. Dec. 4, 2018). I further found remand necessary because defendant had not established that 28 U.S.C. § 1332(a)'s amount-in-controversy requirement was met. *Id.* at *2. I also observed in a footnote that defendant's failure to obtain its co-defendant's written consent to removal was another basis for remand. *Id.* at *3 n.4. I then ordered defendant to show cause why it should not reimburse plaintiff for his costs and expenses, including attorney's fees, relating to his remand motion. *Id.* at *3. Having heard from both parties, I now must decide whether plaintiff is entitled to reimbursement and, if so, how much.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Such an award is appropriate "only where the removing party lacked an objectively reasonable basis for seeking

1

removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Objective reasonableness is evaluated based on the circumstances at the time of removal. *Williams v. Int'l Gun-A-Rama*, 416 Fed. Appx. 97, 99 (2d Cir. 2011). A court need not find that the removing party acted in bad faith to award fees. *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 923–24 (2d Cir. 1992).

Defendant cites the circumstances of this case's initiation in state court, letters from plaintiff's counsel to defendant's third-party administrator detailing plaintiff's medical treatment, and developments in state court since the case was remanded to argue that its decision to remove this case was not unreasonable. But the case's procedural history does not change the fact that, as defendant acknowledges, it had not received a written demand for damages exceeding $75,000 at the time it filed its notice of removal.

Defense counsel also asserts that, in his experience, plaintiffs have not sought remand based on the "technical requirement" that a demand for damages be in writing. In other actions litigated by the same defense counsel, however, courts have *sua sponte* remanded the case because of the defendant's failure to establish that more than $75,000 was at stake. *Feder v. Costco Wholesale Corp.*, 2017 WL 9511082, at *1–2 (E.D.N.Y. June 27, 2017), *report and recommendation adopted by* 2017 WL 2992490 (E.D.N.Y. July 14, 2017); *Valente v. Garrison From Harrison LLC*, 2016 WL 126375, at *1–2 (E.D.N.Y. Jan. 11, 2016). *Feder*, which I addressed in my previous decision, also involved removal based solely on an oral settlement demand. *Bader*, 2018 WL 6338774, at *2 (citing *Feder*, 2017 WL 9511082, at *1). In sum, I conclude that defendant's removal of this case was objectively unreasonable.

A plaintiff may be awarded fees for a reasonable number of hours expended in litigating a motion to remand. *Kahlon v. Yitzhak*, 270 F. Supp. 3d 583, 590–91 (E.D.N.Y. 2017). "[T]he

lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)).

Plaintiff's counsel assert that they spent 26 hours litigating the remand motion (including this fee application) and that their billing rates are $400 per hour for partner George Poulos, who has over 30 years of experience, and $300 per hour for associate Subrata Sengupta, who has over 20 years of experience. Plaintiff's counsel also seek $136.80 in costs, which they incurred serving their motion papers.

I find that plaintiff's fee application, the substance of which defendant does not contest, is reasonable. The requested hourly rates fall squarely within those awarded for lawyers with similar experience in this district, where courts have awarded between $300 and $450 per hour for partners and other attorneys with significant experience. *See Tr. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds v. Penco United, LLC*, 2015 WL 1650960, at *2 (E.D.N.Y. Apr. 14, 2015) (collecting cases). Further, the hours expended by Mr. Poulos and Mr. Sengupta on this motion were not excessive. Finally, the total award sought by plaintiff is in line with awards in similar cases. *See, e.g., Kahlon*, 270 F. Supp. 3d at 592 (awarding $9,268 in attorney's fees for motion to remand); *Frontier Park Co., LLC v. Contreras*, 35 F. Supp. 3d 264, 274 (E.D.N.Y. 2014) (awarding $7,920 in attorney's fees for motion to remand).

Plaintiff is awarded $8,650 in attorney's fees[1] and $136.80 in costs. The Clerk of Court is directed to enter judgment in favor of plaintiff in the amount of $8,786.80.

**SO ORDERED.**

/s/ *Nina Gershon*
**NINA GERSHON**
**United States District Judge**

March 6, 2019
Brooklyn, New York

---

[1] In their application, plaintiff's counsel requested $8,750 in attorney's fees. This amount, however, appears to be the result of either an arithmetical or transcription error. When calculating the fees incurred by Subrata Sengupta, plaintiff's counsel incorrectly wrote that 17.5 multiplied by 300 equals 5,350. It equals 5,250.